**1986 DODGE 150 PICKUP VIN # 1B7FD14T1GS006316,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–02–00180–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Feb. 5, 2004.

Decided Feb. 12, 2004.

Rehearing Overruled March 16, 2004.

M. Mark Lesher, Lesher & Murry, Texarkana, for appellant.

Val Varley, Red River County & Dist. Atty., Deborah Moore, Red River Asst. County Atty., Clarksville, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Joe B. Queen appeals the judgment of the trial court forfeiting his 1986 Dodge pickup truck to the State of Texas. He

contends the trial court erred by not granting his motion for directed verdict because the search leading to the seizure of his pickup truck violated his constitutional right prohibiting unreasonable searches and seizures under Article 1, Section 9, of the Texas Constitution and the Fourth Amendment to the United States Constitution.[1]

On January 4, 2002, police officers executed a search warrant for the residence of Sam Black, including any and all outbuildings and motor vehicles located on the property. During the execution of the search warrant, officers Danny Powell and Terry Bee observed Queen drive into the yard of Black's residence. The officers removed Queen from the vehicle and informed him they were police officers, that they were executing a search warrant on the premises, and that his truck was subject to search under the warrant. Powell asked Queen whether he had any drugs or other contraband in his vehicle. Queen replied, "probably." A search of the vehicle revealed three plastic bags containing "white residue."

Powell testified he field-tested this substance, and it tested positive for methamphetamine. Bee read Queen his *Miranda*[2]

rights and asked him why he was there. Queen stated he was there to get methamphetamine from Black. The State brought this action to forfeit Queen's truck.[3]

The trial of this matter commenced before the court October 16, 2002. The State presented Powell's testimony and then stated it had no further witnesses. Queen moved for a directed verdict on the ground that the search of his vehicle was not based on probable cause and violated his constitutional right to be free from unreasonable searches and seizures. The trial court denied the motion, and Queen presented a witness on his behalf. The trial court then sue sponte put "this case in recess" and, "in the interest of justice," kept the record open for receipt of testimony concerning the Texas Department of Public Safety (DPS) laboratory test results. While Queen objected to this procedure, he makes no complaint about it on appeal.

On November 14, 2002, at the trial court's urging, the State moved to reopen the case for receipt of the testimony concerning the laboratory test results. Karen Ream, a criminologist with the DPS, testified the bags found in Queen's truck con-

---

1.  We assume, as do both parties, the exclusionary rule applies to civil forfeiture proceedings. The Texas Supreme Court has yet to decide this issue. *See State v. $217,590.00 in United States Currency*, 18 S.W.3d 631, 632 (Tex.2000). Traditionally, the exclusionary rule has applied to civil forfeiture proceedings in which an item is forfeited because of its use in carrying out criminal activity, *see One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699–702, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), and this Court has assumed, without deciding, that the rule applies. *$4,182.00 in United States Currency v. State*, 944 S.W.2d 24, 27 (Tex.App.-Texarkana 1997, no writ); *see also $56,700.00 in United States Currency v. State*, 710 S.W.2d 65, 70 (Tex.App.-El Paso 1986) (indicating exclusionary rule would apply unless "the deterrent effect may be satisfied by other means, thereby leaving no rea-

son to exclude the evidence in a civil action"), *rev'd on other grounds*, 730 S.W.2d 659 (Tex. 1987).

2.  *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3.  The other property contained in the vehicle included a toolbox with contents, an ice scraper, an assortment of tapes, a blue mag light, a box with two speakers, a floor jack with handle, two chains, and a spare tire. In the State's original petition, it sought the forfeiture of this property as well. However, it was stipulated at the outset of the forfeiture proceeding that this property was not used in the furtherance of any criminal violation and they were returned to Queen.

tained .16 grams of methamphetamine. The trial court found that the 1986 Dodge pickup truck was contraband and subject to forfeiture. The court filed findings of fact and conclusions of law, and concluded "[t]he State proved by a preponderance of the evidence" that the seized vehicle "was contraband as defined by Art. 59.01(2)(B)(i) in that it was used in commission of a felony under Chap. 481.115 of the Texas Health and Safety Code." The court also found the seizure of Queen's truck was incident to a lawful search.

Queen's sole point of error is the trial court erred by not granting his motion for directed verdict based on his contention the search of his vehicle was not based on probable cause and violated his constitutional right to be free from unreasonable searches and seizures. In order for an issue to be preserved on appeal, there must be a timely objection which specifically states the legal basis for the objection. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990); *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Crim.App. 1977). An objection stating one legal basis may not be used to support a different legal theory on appeal. *Zillender*, 557 S.W.2d at 517. A failure to object can even waive an error involving constitutional rights, and the rule that the error presented on appeal must be the same objection raised at trial applies with equal force to constitutional violations. *Little v. State*, 758 S.W.2d 551, 564–65 (Tex.Crim.App. 1988); *Gauldin v. State*, 683 S.W.2d 411, 413 (Tex.Crim.App.1984), *overruled on other grounds, State v. Guzman*, 959 S.W.2d 631 (Tex.Crim.App.1998); *Russell v. State*, 665 S.W.2d 771, 777–78 (Tex. Crim.App.1983).

Queen's only objection to Powell's testimony concerning his field test of the substance found in Queen's truck was that the officer had not been qualified as an expert to so testify. When the substance itself was later offered into evidence, Queen's only objections were based on hearsay and failure to prove the chain of custody. He later objected to the procedures followed by the chemist. These objections were overruled, and Queen does not complain of these rulings on appeal. The only objection to the methamphetamine as the product of an illegal search came during Queen's motion for directed verdict. An objection lodged for the first time in a motion for directed verdict presents nothing for review. *Stubblefield v. State*, 477 S.W.2d 566, 568 (Tex.Crim.App. 1972). Having failed to object on this basis when the evidence was offered, no error is presented for appellate review. *See $4,182.00 in United States Currency v. State*, 944 S.W.2d 24, 27 (Tex.App.-Texarkana 1997, no writ).

Even if Queen's motion for directed verdict had been sufficient to preserve his claimed constitutional error, he waived any such error in another way. If a party proceeds to present evidence after that party has moved for a directed verdict, such party must reurge the motion for directed verdict at the close of the case, or any error in its denial is waived. In other words, a party who elects not to stand on its motion for an instructed verdict, and introduces its own evidence, waives its motion for directed verdict unless it reurges the motion at the close of the case. *Cliffs Drilling Co. v. Burrows*, 930 S.W.2d 709, 712 (Tex.App.-Houston [1st Dist.] 1996, no writ); *McMeens v. Pease*, 878 S.W.2d 185, 190 (Tex.App.-Corpus Christi 1994, writ denied); *Bryan v. Dockery*, 788 S.W.2d 447, 449 (Tex.App.-Houston [1st Dist.] 1990, no writ). Queen moved for a directed verdict after Powell's testimony. After the trial court denied his motion, Queen called a witness to testify on his behalf, but he did not renew his

motion for directed verdict at the close of the case. Any error in the denial of his motion for a directed verdict was therefore waived.

We affirm the judgment of the trial court.