In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00489-CV


____________________



IN RE COMMITMENT OF DOUGLAS JOHNSON 


 




On Appeal from the 435th District Court


Montgomery County, Texas


Trial Cause No. 08-01-00791-CV






MEMORANDUM OPINION



 Douglas Johnson appeals the judgment and order of civil commitment as a sexually
violent predator pursuant to a jury's verdict that Johnson suffers from a behavioral
abnormality that makes him likely to engage in a predatory act of sexual violence. In three
issues, Johnson contends (1) the evidence is legally insufficient to support the jury's verdict;
(2) the failure to present competent legally sufficient evidence to support the verdict deprived
Johnson of his liberty without due process of law; and (3) the evidence is factually
insufficient to support the jury's verdict. We affirm the judgment of the trial court.

 In his first issue, Johnson contends the expert testimony presented by the State was
speculative and conclusive on its face and thus no evidence upon which the jury could base
its verdict that Johnson suffers from a behavioral abnormality that makes him likely to
engage in predatory acts of sexual violence. The State contends Johnson failed to preserve
the issue for appellate review.

 Johnson moved for directed verdict when the State rested. The trial court overruled
the motion. Johnson then presented his own expert witness. Johnson rested without
renewing his motion for directed verdict. He did not object to submitting a question to the
jury on the grounds that the evidence did not support submission. Johnson did not file a
motion for judgment notwithstanding the verdict. He did file a motion for new trial after the
trial court signed the judgment. Johnson's motion for new trial urged that the trial court erred
by holding Johnson committed a sexually violent act when the State put on no evidence and
insufficient evidence had been presented. Johnson's motion for new trial also alleged the
evidence was factually insufficient to support a finding beyond a reasonable doubt that
Johnson suffers from a behavioral abnormality that makes him likely to engage in a predatory
act of sexual violence, because the State failed to proffer evidence that Johnson's past acts
were "predatory acts" or that his "behavioral abnormality" would make him likely to engage
in future "predatory acts" of sexual violence.

 On appeal, Johnson argues that preservation of error is not required because his
challenge is restricted to the face of the record and does not address the underlying
methodology, technique or foundational data. The case on which he relies, Coastal
Transport Co., Inc. v. Crown Central Petroleum Corp., clarified an earlier rule, expressed
in Maritime Overseas Corp. v. Ellis, which held that by failing to object to an expert's
testimony a party waived its sufficiency challenge with regard to that testimony. Coastal
Transp. Co., Inc. v. Crown Cent. Petroleum Corp., 136 S.W.3d 227, 232-33 (Tex. 2004);
Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 409 (Tex. 1998). Coastal Transport was
a case in which the trial court had directed a verdict and the issue on appeal was whether any
evidence supported that ruling. Coastal Transp., 136 S.W.3d at 230. The Supreme Court
ruled that when a challenge is restricted to the face of the record--that is, that the expert's
testimony is too speculative or conclusory on its face--"then a party may challenge the legal
sufficiency of the evidence even in the absence of any objection to its admissibility." Id. at
233. Thus, the waiver issue in Coastal Transport concerned the scope of the evidence and
the effect to be given that evidence in a legal sufficiency review, not whether a party must
preserve error to challenge the legal sufficiency of evidence supporting a verdict in a civil
case.

 Generally, a trial-level complaint is a prerequisite for appellate review. See Tex. R.
App. P. 33.1(a).

 No evidence points must be preserved through one of the following procedural
steps in the trial court: (1) a motion for instructed verdict; (2) a motion for
judgment notwithstanding the verdict; (3) an objection to the submission of the
issue to the jury; (4) a motion to disregard the jury's answer to a vital fact
issue; or, (5) a motion for new trial.


Aero Energy, Inc. v. Circle C Drilling Co., 699 S.W.2d 821, 822 (Tex. 1985).


 Johnson did not file a motion for judgment notwithstanding the verdict or a motion
to disregard the jury's answer. Although he objected to the wording of the jury question, he
did not object to submission of an issue to the jury. Johnson did move for a directed verdict
when the State rested. Because Johnson did not re-urge his motion after presenting his own
witness, however, the motion for directed verdict did not preserve error. See Ratsavong v.
Menevilay, 176 S.W.3d 661, 667 (Tex. App.--El Paso 2005, pet. denied); 1986 Dodge v.
State, 129 S.W.3d 180, 183 (Tex. App.--Texarkana 2004, no pet.); Cliffs Drilling Co. v.
Burrows, 930 S.W.2d 709, 712 (Tex. App.--Houston [1st Dist.] 1996, no writ).

 Johnson, however, filed a motion for new trial. A "no evidence" issue may be
preserved by filing a motion for new trial. Cecil v. Smith, 804 S.W.2d 509, 512 (Tex. 1991). 
Johnson's motion for new trial did not mention the expert testimony, but he did argue that
"Petitioner did not proffer evidence suggesting either that Respondent's past convictions
were 'predatory acts' as envisioned by the statute or that his 'behavioral abnormality' would
make him likely to engage in future 'predatory acts' of sexual violence." The motion for new
trial differs significantly from the argument raised on appeal. Nonetheless, the State offered
expert testimony to prove that Johnson suffers from a behavioral abnormality that
predisposes him to engage in a predatory act of sexual violence. Because the expert
testimony was offered to prove that Johnson suffers from a behavioral abnormality that
predisposes him to engage in a predatory act of sexual violence and Johnson raised the
State's failure to present evidence that his behavioral abnormality would make him likely to
engage in future predatory acts of sexual violence, Johnson preserved that issue for appellate
review.

 Johnson contends the experts offered only conclusory statements. While it is true that
a bare, baseless opinion of an expert is legally insufficient evidence to support a judgment
even if the opposing party failed to object to the admission of the testimony, we disagree with
Johnson's characterization of the testimony as having been conclusory. Cf. City of San
Antonio v. Pollock, 284 S.W.3d 809, 815-20 (Tex. 2009)(rejecting as conclusory scientific
testimony relating to chromosomal anomalies allegedly induced by benzene exposure). Both
experts who testified for the State explained their methodology in assessing whether Johnson
suffers from a behavioral abnormality that makes him likely to engage in a predatory act of
sexual violence. Each expert testified that he examined historical records and an evaluation
packet prepared by the sex offender treatment program; historical records regarding the
offenses committed by Johnson, his prison disciplinary history, and school, medical, and
treatment records; risk assessment instruments and actuarial tests; and each expert conducted 
an interview with Johnson.

 Based upon the specific findings on the assessment instruments, which findings he
described to the jury in detail, Dr. Charles Woodrick, a psychologist, diagnosed Johnson with
antisocial personality disorder. In his opinion, that diagnosis, when combined with Johnson's 
high risk scores on the recidivism scales, indicated he was a person at high risk. Dr. Rahn
Bailey, a psychiatrist board certified in forensic medicine, also diagnosed Johnson with
antisocial personality disorder. He too explained in detail his specific findings on the
assessment instruments and how they related to his diagnosis. Johnson's expert, Dr. Anna
Shursen, a family therapist and licensed sex offender treatment provider, used the same
information and assessment instruments in her evaluation. Shursen agreed that Johnson's
scores on the assessment instruments indicate he poses a risk to reoffend. Although Johnson
displayed some symptoms of antisocial personality disorder, Shursen deferred a diagnosis
because she did not believe that he displayed sufficient symptomology for a diagnosis.

 On appeal, Johnson argues that Woodrick's and Bailey's reliance on "unquestioned
acceptance of versions of past incidents" shows that their opinions are not based upon facts. 
Shursen testified that she tries to ascertain what really happened based upon her interview
with Johnson and the available records. That is precisely what the State's experts testified
they did as well.

 The record does not demonstrate that the expert testimony supporting the verdict had
no probative value. As that is the sole reason advanced on appeal for challenging the legal
sufficiency of the evidence, we conclude that a rational jury could have found beyond a
reasonable doubt that Johnson suffers from a behavioral abnormality that predisposes him
to commit a sexually violent offense. We overrule issue one.

 In his second issue, Johnson contends the State failed to present competent legally
sufficient evidence to support a finding that Johnson has a behavioral abnormality, thereby
violating Johnson's right not to have his liberty taken away without due process of law
required by the Fourteenth Amendment to the United States Constitution. Johnson claims
neither of the State's experts placed any numeric percentage on predicting the likelihood of
sexual violence. Because "likely" is undefined in the statute and the facts upon which the
experts based their opinions are unverified, Johnson argues, his basic constitutional rights
have been violated. See Tex. Health & Safety Code Ann. § 841.003(a) (Vernon 2003).

 The United States Supreme Court upheld, under the due process clause of the
Fourteenth Amendment, a Kansas statute that permitted initiation of commitment
proceedings when a person "'has been convicted of or charged with a sexually violent
offense,' and 'suffers from a mental abnormality or personality disorder which makes the
person likely to engage in the predatory acts of sexual violence.'" Kansas v. Hendricks, 521
U.S. 346, 357, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (quoting Kan. Stat. Ann. § 59-29a02(a) (1994)). "Likely" need not be defined in Section 841.003(a) in order for the jury
to be able to determine beyond a reasonable doubt whether Johnson suffers from a behavioral
abnormality that predisposes him to engage in a sexually violent offense. "Words and
phrases shall be read in context and construed according to the rules of grammar and
common usage." Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005). We give undefined
terms their "broadest possible understanding in the context of which they are reasonably
susceptible in ordinary English." Teer v. State, 923 S.W.2d 11, 19 (Tex. Crim. App. 1996).

 Johnson claims that the experts could not place a numeric measure on his likelihood
of reoffending. His complaint that the experts failed to provide an objective assessment of
his likelihood of reoffending is not supported by the record. We note that two of the actuarial
assessment instruments applied by Woodrick and Bailey do evaluate the probability of either
re-conviction or re-arrest based upon statistical rates across populations. Each expert scored
Johnson on each test and explained his assessment to the jury. In addition, each expert also
utilized the Hare Psychopathy Checklist, or PCL-R, and explained his assessment to the jury. 
Bailey testified Johnson's score of 26 out of 40 placed him in a moderate to high risk of
future acts of sexual violence. Woodrick testified Johnson's score of 30 placed him in a
higher risk category for repetition of future criminal offenses and possibility of future violent
offenses. Finally, both experts applied the Diagnostic and Statistical Manual of Mental
Disorders, Fourth Edition, or DSM-IV, to Johnson and explained to the jury the finding made
at each axis and why he made the particular finding. Thus, the experts did apply evaluations
validated by peer-reviewed research.

 We do not find the facts relied upon by the experts to be, as Johnson argues,
"unverified." The experts referred to specific facts found in documents in the historical
records. Neither Woodrick nor Bailey determined that Johnson was likely to commit an act
of sexual violence based upon the mere fact of his conviction; rather, both referred to specific
examples of behavior by Johnson that were either self-reported by Johnson in sex offender
treatment or through interviews or details of the offenses that were contemporaneously
reported by his victims. We overrule issue two.

 In issue three, Johnson contends the evidence is factually insufficient to support the
jury's verdict that he suffers from a behavioral abnormality. We view all of the evidence in
a neutral light and ask whether the jury was rationally justified in finding a behavioral
abnormality beyond a reasonable doubt. In re Commitment of Gollihar, 224 S.W.3d 843, 846
(Tex. App.--Beaumont 2007, no pet.).

 Johnson argues that the State's experts simply presumed Johnson's records were
accurate and that only his expert, Shursen, performed any actual evaluation of Johnson's
situation. The record shows, however, that both Woodrick and Bailey personally interviewed
Johnson and obtained his version of the details of the offenses. Woodrick explained that
after interviewing Johnson he reviewed the file material and determined that the victims'
accounts were more coherent and that at different times Johnson had given various accounts
of what had happened. Bailey found it significant that Johnson admitted some illegal
behavior and noted that it is difficult to determine "exactly which set of facts are exactly
right." For each offense, Bailey noted the points that Johnson acknowledged and those
which he denied. According to Bailey, people remember facts based on their own experience
and their emotions; the professional's job is not to make a judgment on which facts are
correct, but to make a professional judgment based on the psychology of the circumstance. 
Bailey testified that the victims in the two cases gave accounts of a sexual violation of their
personal integrity and Johnson acknowledges that he was there and a conflict with the female
occurred. To Bailey, that implies "a brain that is not working correctly." For most people,
Bailey explained, a filter would kick in that would tell the actor not to do something because
the other person says not to.

 Furthermore, Shursen explained that she thought "there's a possibility that Mr.
Johnson did not do this rape" and the victim may have been angry at Johnson for robbing her, 
and she also thought it was possible that the thirteen-year-old victim was confused and only
thought Johnson was trying to attack her. Shursen noted "the truth lies somewhere in
between" Johnson's version of the events and that of his victims. While she testified that she
thought his story is "possible," she did not explain to the jury why it was necessary to accept
Johnson's version of the offenses in determining whether he suffers from a behavioral
abnormality. In fact, Shursen did "not necessarily" give Johnson's version more weight and
she agreed that "most everyone wants to paint themselves in a better light."

 Viewing all of the evidence in a neutral light, we hold the jury was rationally justified
in finding beyond a reasonable doubt that Johnson suffers from a behavioral abnormality. 
We overrule issue three. We affirm the judgment and order of commitment.

 AFFIRMED.



 _____________________________ 

 STEVE McKEITHEN

 Chief Justice


Submitted on August 24, 2009

Opinion Delivered September 17, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.