# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00146-CV

**Don Rangel and Esther Rangel, Appellants**

**v.**

**Connie Rivera Rangel, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-10-001015, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Don Rangel and Esther Rangel appeal from the trial court's judgment in favor of appellee Connie Rivera Rangel on her claim of trespass to try title through common source. *See* Tex. Prop. Code § 22.001; Tex. R. Civ. P. 798. The case was tried to the court, and the trial court concluded that Connie was the fee simple owner of the subject property and that Don and Esther did not have any interest in the title to the property.[1] In two issues, Don and Esther challenge the trial court's judgment based on the statute of frauds, *see* Tex. Bus. & Com. Code § 26.01, and an order from the probate court for no administration of the estate of Edward Rangel, who was Connie's husband and Don and Esther's father. For the reasons that follow, we affirm the trial court's judgment.

---

[1] We refer to the parties by their first names for clarity.

# BACKGROUND

In 1985, Connie and Edward entered into a contract for deed to purchase the subject property from Mary Rose Rangel. The property was Edward and Connie's residence. The terms of the contract included the following provision:

> In the event that Buyer shall default in the prompt payment of said indebtedness . . . and such default . . . shall continue for a period of ten (10) days, then in any of such events, Seller may elect, Buyer expressly waiving demand and notice, . . . to declare this contract canceled and of no further force and effect . . . and . . . all monies that have been paid to or deposited with Seller hereunder shall be forfeited and belong to Seller as liquidated damages to compensate Seller for breach of this contract and for rental and deterioration of the property, and immediately upon this contract being cancelled and of no further force and effect all the rights, claims and interest of Buyer in and to said property shall thereupon terminate and be at an end and the property shall unconditionally belong to Seller.

Edward and Connie made payments under the terms of the contract until Edward died. Edward died intestate, and the probate court of Travis County signed an order for no administration of his estate in February 1989. In the order, the probate court found that the property was Connie's homestead and, therefore, that she had the right to live there during her life and, at her death, "the one-half community property interest of Edward Rangel may be claimed by his rightful heirs."

Connie failed to make payments for several months after Edward's death but eventually began making payments to purchase the property. Although it was disputed at trial, Connie contended that she defaulted under the terms of the contract for deed after Edward's death, that she thereafter entered into a new contract for deed with Beatrice Castro, who was Edward's niece and Mary Rose's sister, to purchase the property, and that she fully performed under the terms

2

of the new contract by making payments to Beatrice. In 1992, Mary Rose transferred the property to Connie by general warranty deed.

Connie brought her claim for trespass to try title against Don and Esther in 2010. *See* Tex. Prop. Code § 22.001 ("A trespass to try title action is the method of determining title to lands, tenements, or other real property."); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 755 (Tex. 2003) (explaining that "trespass to try title action [is] a procedure by which rival claims to title or right of possession may be adjudicated"). Connie sought to recover on her claim by proving title by a superior title out of a common source. *See* Tex. R. Civ. P. 798 ("It shall not be necessary for the plaintiff to deraign title beyond a common source. Proof of a common source may be made by the plaintiff by certified copies of the deeds showing a chain of title to the defendant emanating from and under such common source."); *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994) ("To recover in a trespass to try title action, the plaintiff must recover on the strength of [her] own title. . . . The plaintiff may recover . . . by proving a superior title out of a common source."). The common source was a 1974 warranty deed from Beatrice to Mary Rose.

The case was tried to the court, and Connie and Esther testified, as well as Beatrice. Although Connie's testimony was inconsistent, she testified that she did not make payments after Edward's death for at least 90 days, that she entered into a new contract with Beatrice, and that she fully satisfied that contract by making the required payments to Beatrice. She was unable, however, to provide a copy of the new contract. Beatrice also testified about the new contract with Connie after Edward's death. She testified that Connie did not pay and was in default after Edward's death, that she thought that she and Connie entered into a new agreement, and that, after Connie made all

3

the payments, the "deed was signed." As to her transfer of the property to her sister Mary Rose in 1974, she explained that she "only put the house under [her] sister's name" because she was traveling out of state and she answered "Right" when asked whether the transfer to her sister was "just as a matter of convenience." The evidence also included the 1974 deed from Beatrice to Mary Rose, the 1985 contract for deed between Edward, Connie, and Mary Rose, the 1992 general warranty deed from Mary Rose to Connie, and the probate court's order for no administration signed in 1989.

At the conclusion of the evidence, the trial court rendered judgment in favor of Connie on her claim of trespass to try title and ordered that Connie was the fee simple owner of the property. Don and Esther filed a motion for new trial, which motion the trial court denied. The trial court also made findings of fact and conclusions of law. Among the trial court's findings, the trial court found:

- The parties claimed a right of ownership through the same deed from Beatrice to Mary Rose.

- Connie and Edward stopped making payments on the first contract for deed after Edward passed away in 1988.

- Connie "entered into a new contract for deed with Beatrice" and "made all payments necessary to fully perform [the] second contract for deed."

- The probate court's order "did not convey any legal interest" in the property to Don and Esther.

- Don and Esther did not have "any legal or equitable interest in the title" to the property.

4

- Connie "fully performed on the second contract for deed" with Beatrice and "legal title passed to her in her name only as reflected on the [1992] deed" from Mary Rose to Connie.

- Connie "has been the fee simple legal owner" of the property since 1992.

The trial court's conclusion of law stated that, under section 22.001 of the Property Code, Connie "holds a full undivided legal title in the property subject of this suit." This appeal followed.

## ANALYSIS

In two issues, Don and Esther urge that the trial court erred by enforcing the purported oral contract between Connie and Beatrice that transferred the ownership of real property because it contravened the 1985 contract for deed, violated the statute of frauds, and invalidated the probate court's order vesting a legal interest in the property to them. Although they do not directly set forth particular findings of fact or conclusions of law that they are challenging, their arguments appear to challenge some of the trial court's findings of fact and its conclusion of law.[2]

### Standard of Review

A trial court's findings of fact have the same force and dignity as a jury's answers to jury questions. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). They are subject to review for legal and factual sufficiency of the evidence by the same standards applied to a jury verdict. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *see City of Keller v. Wilson*,

---

[2] Connie urges that Don and Esther waived their issues because their "bare assertions and global allegations" fall below this Court's briefing requirements. *See* Tex. R. App. P. 38.1 (briefing requirements for appellant's brief). Construing their brief liberally, as we must, we conclude that they did not waive their issues based on inadequate briefing. *See id*. R. 38.9.

5

168 S.W.3d 802, 822 (Tex. 2005) (describing review of evidence under legal and factual sufficiency standards of review). We review a trial court's conclusions of law de novo and will uphold the conclusions if the judgment can be sustained on any legal theory supported by the evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Although a trial court's conclusions of law may not be challenged for factual sufficiency, we may review the legal conclusions drawn from the facts to determine whether the conclusions are correct. *Id*.

**Probate Court's Order for No Administration**

We begin with appellants' issue based on the probate court's order for no administration. Don and Esther contend that the 1992 general warranty deed transferring title to Connie was in violation of the probate court's order. They appear to be challenging the trial court's finding that the probate court's order for no administration "did not convey any legal interest in the subject property" to them. The probate court's order expressly granted Edward's one-half community interest in the property to "his rightful heirs," and Connie does not dispute that Don and Esther are his rightful heirs. At the time of Edward's death, however, Connie and Edward did not have an ownership interest in the property because Mary Rose—as the seller of the property under a contract for deed—retained title to the property. *See Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 429 (Tex. 2005) ("A contract for deed, unlike a mortgage, allows the seller to retain title to the property until the purchaser has paid for the property in full."); *Sluder v. Ogden*, No. 03-10-00280-CV, 2011 Tex. App. LEXIS 267, at *10 (Tex. App.—Austin Jan. 13, 2011, pet. denied) (mem. op.) (noting that "contract for deed merely establishes conditions precedent to a title's

6

transfer" (citing *Graves v. Diehl*, 958 S.W.2d 468, 470–71 (Tex. App.—Houston [14th Dist.] 1997, no pet.)).

The evidence established that Connie and Edward had not fully performed under the terms of the contract for deed at the time of Edward's death. Under an executory contract to convey land, such as a contract for deed, the buyer does not acquire title but an "equitable right to make payments on the property and to receive a deed and legal title when [the buyer] complete[s] the payments." *See Gaona v. Gonzales*, 997 S.W.2d 784, 786–87 (Tex. App.—Austin 1999, no pet.) (citing *Johnson v. Wood*, 157 S.W.2d 146, 148 (Tex. 1941) and *Texas Am. Bank/Levelland v. Resendez*, 706 S.W.2d 343, 345 (Tex. App.—Amarillo 1986, no writ)); *see also Southern Vanguard Ins. Co. v. Silberstein*, No. 14-09-00472-CV, 2010 Tex. App. LEXIS 6202, at \*9–12 (Tex. App.—Houston [14th Dist.] Aug. 3, 2010, no pet.) (mem. op.) (concluding that purchaser did not obtain equitable title when entered into contract for deed and explaining differences between contract for deed and mortgage).

Don and Esther focus on language in the 1992 general warranty deed from Mary Rose to Connie that the consideration includes the "satisfaction of that one certain Contract of Sale, executed by Mary Rose Rangel, Edward Rangel, and Connie Rangel, on November 26, 1985." The deed, however, also states that Connie "was the sole person who cured the default and provided new and sufficient consideration for the property, thereby equitably obtaining all interest in the Contract for Sale." Further, testimony at trial and the terms of the 1985 contract for deed supported the trial court's findings that Connie and Edward "stopped making payments on the first contract for deed . . . when Edward [ ] passed away" and that Connie "entered into a new contract for deed with

Beatrice" and "made all necessary payments to fully perform [the] second contract for deed." *See City of Keller*, 168 S.W.3d at 822 ("A reviewing court cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement."); *see also McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986) (noting that unchallenged finding "binding on an appellate court unless the contrary is established as a matter of law, or if there is no evidence to support the finding"). Under the terms of the 1985 contract for deed, the seller was allowed to cancel the contract based on a default of nonpayment and, in that case, all monies paid were forfeited and belonged to the seller as liquidated damages. It was undisputed that Connie defaulted by failing to make required payments for several months after Edward died. Based on this evidence, the trial court could have found that any rights Connie and Edward had under the contract for deed were cancelled after the default.

Thus, we conclude that the 1992 deed transferring title to Connie was not in violation of the probate court's order and that the evidence supports the trial court's finding that the probate court's order did not convey a legal interest in the property to Don and Esther. *See Ortiz*, 917 S.W.2d at 772; *see also* Tex. Prop. Code § 5.001 ("An estate in land that is conveyed or devised is a fee simple unless the estate is limited by express words or unless a lesser estate is conveyed or devised by construction or operation of law.").

**Statute of Frauds**

In their other issue, Don and Esther contend that the trial court erred by enforcing the purported oral contract between Connie and Beatrice because it contravened the 1985 contract for

8

deed and violated the statute of frauds. *See* Tex. Bus. & Com. Code § 26.01 (statute of frauds).[3] As part of this issue, they also appear to challenge the sufficiency of the evidence to support the trial court's finding that a new contract was entered into between Connie and Beatrice. They focus on Connie's failure to produce a copy of the new contract and evidence that, prior to the purported new contract, Beatrice had transferred the property by deed to Mary Rose. It was undisputed that Beatrice transferred the property to Mary Rose in 1974.

As a preliminary matter, Connie urges that Don and Esther failed to preserve this issue because they did not reurge their motion for directed verdict based on the statute of frauds at the close of the case. *See 1986 Dodge 150 Pickup v. State*, 129 S.W.3d 180, 183 (Tex. App.—Texarkana 2004, no pet.) ("If a party proceeds to present evidence after that party has moved for a directed verdict, such party must reurge the motion for directed verdict at the close of the case, or any error in its denial is waived." ); *Yagnik v. Hernandez*, No. 02-11-00510-CV, 2013 Tex. App. LEXIS 4891, at *12–13 (Tex. App.—Fort Worth Apr. 18, 2013, pet. denied) (mem. op.) (same); *see also* Tex. R. App. P. 33.1 (preserving appellate complaints). Don and Esther,

---

[3] Section 26.01(a) of the Business and Commerce Code states:

(a)  A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1)  in writing; and

(2)  signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

Tex. Bus. & Com. Code § 26.01(a). "[A] contract for the sale of real estate" is subject to the statute of frauds. *See id*. § 26.01(b)(4).

however, addressed their defense of the statute of frauds in their final arguments to the court and in their motion for new trial in the context of a legal sufficiency challenge. *See Damian v. Bell Helicopter Textron, Inc.*, 352 S.W.3d 124, 141 (Tex. App.—Fort Worth 2011, pet. denied) (noting that a "no evidence or matter of law point for appeal" may be preserved for appellate review by raising the complaint through, among other motions, a motion for directed verdict or a motion for new trial). Thus, we conclude that Don and Esther preserved this issue and turn to our analysis.

Under the statute of frauds, a contract for the sale of real estate is generally unenforceable unless it is in writing and signed by the person "to be charged with the promise or agreement or by someone lawfully authorized to sign for him." *See* Tex. Bus. & Com. Code § 27.01(a), (b). Connie was unable to produce a copy of the new contract for deed, and she testified inconsistently as to whether she and Beatrice signed a new contract. Beatrice also transferred title of the property by deed to Mary Rose in 1974. Don and Esther, however, were not persons "to be charged with the promise or agreement," but third parties to the new contract for deed. Thus, the defense of the statute of frauds as to the new contract was not available to them. *See id.*

Further, the trial court's findings included that Beatrice and Connie entered into a new contract for deed and that Connie made payments to Beatrice under the new contract until it was fully performed. Based on these findings, the trial court could have concluded that, even if the statute of frauds would otherwise apply, it did not apply here because the new contract was fully performed. *See, e.g.*, *Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992) (partial performance exception to statute of frauds); *Bookout v. Bookout*, 165 S.W.3d 904, 907–08 (Tex. App.—Texarkana 2005, no pet.) (same); *Exxon Corp. v. Breezevale, Ltd.*, 82 S.W.3d 429, 439–40

10

(Tex. App.—Dallas 2002, pet. denied) (same).  Thus, we conclude that the trial court did not err by enforcing the new contract for deed between Connie and Beatrice.

## CONCLUSION

For these reasons, we conclude that the trial court did not err when it concluded that Connie holds full undivided legal title in the property.  *See Marchand*, 83 S.W.3d at 794.  We overrule appellants' issues and affirm the trial court's judgment.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   August 26, 2014

11