Opinion issued March 12, 2020



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-19-00037-CV

_____

### IN THE INTEREST OF J.B.

**On Appeal from the Probate Court No. 3**
**Harris County, Texas**
**Trial Court Case No. 262843**

## O P I N I O N

Appellant, J.B., challenges the trial court's order to administer psychoactive medications entered after appellee, the State of Texas, petitioned for an order to administer psychoactive medications to J.B. In his sole issue, J.B. contends that the trial court erred in waiving his appearance at the hearing on the State's petition.

We affirm.

## Background

A Harris County Grand Jury issued a true bill of indictment, alleging that J.B., on or about May 5, 2018, "did then and there unlawfully, intentionally impersonate a public servant, namely, a peace officer, of the City of Houston Police Department, with intent to induce [the complainant, Tiffany Durandetto,] to submit to his pretended official authority and to rely on his pretended official acts, by threatening to arrest the complainant."[1] The district court then found J.B. incompetent to stand trial because of mental illness and ordered him committed to a state hospital.[2]

On December 27, 2018, J.B.'s treating physician filed, on the State's behalf, a petition for an order to administer psychoactive medications: antidepressants, antipsychotics, anxiolytics/sedatives/hypnotics, and mood stabilizers,[3] because J.B. had been diagnosed with bipolar disorder with psychosis, was psychotic and delusional, and had a history of using and abusing alcohol, cannabis, cocaine, "[h]ash [o]il," "B2D," inhalants, formaldehyde, "[s]yrup," and synthetic marijuana.[4] And J.B. had refused to take any medication other than "Seroquel," which appeared

---

[1]     *See* TEX. PENAL CODE ANN. § 37.11 ("Impersonating Public Servant").

[2]     *See* TEX. CODE OF CRIM. PROC. ANN. art. 46B.073 ("Commitment for Restoration to Competency").

[3]     *See* TEX. HEALTH & SAFETY CODE ANN. § 574.101(3) (defining "[p]sychoactive medication" (internal quotations omitted)).

[4]     *See id.* § 574.104 ("Physician's Application for Order to Authorize Psychoactive Medication; Date of Hearing").

2

to be ineffective in treating J.B.'s mental illness. In the petition, J.B.'s physician asserted that J.B. "[c]laims he is a police officer, claims [he is] involved with the [d]rug cartels," and "claims he has killed people," but "refus[es] to specify [who he has killed]." J.B.'s physician concluded that J.B.'s prognosis, if he were to be treated with the proposed psychoactive medications, would be "[f]air" and "[g]ood," and if J.B. did not receive the proposed psychoactive medications, he would continue to deteriorate, which "could result in [J.B.] being a danger to [him]self and[] others." The trial court appointed counsel to represent J.B. and set a hearing on the State's petition.[5]

At the beginning of the hearing on the State's petition for an order to administer psychoactive medications, J.B.'s counsel requested that J.B. be present in the courtroom "based on his right to confront the witnesses against him" "under the [f]ederal and [s]tate constitutions."[6] Dr. Douglas Samuels, the State's witness, then explained that J.B., both the day before the hearing and the day before that, required "intramuscular injection[s]" and told others that he was "going to harm them." And Dr. Samuels could not approach J.B. unless staff members were with him. When asked by the trial court if J.B. would "pose a safety risk if he were to come to court" that day, Dr. Samuels stated: "I believe he would be. He is

---

[5]    *See id.* § 574.105 ("Rights of Patient").

[6]    *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10.

3

considered a safety risk at the present time on the locked inpatient unit, surrounded by numerous staff. I think in a less secure room like th[e] courtroom, he w[ill] continue to be the same and even more of a safety risk." The trial court then waived J.B.'s appearance at the hearing. At the end of the hearing, J.B.'s counsel requested an "opportunity to call [J.B.] as a witness," based on his "Article I, [s]ection 10[] . . . right to be heard."[7] The trial court denied J.B.'s counsel's request because it had determined before that it was not "going to be safe to have" J.B. present at the hearing and "nothing ha[d] changed."

Following the hearing, the trial court entered an order to administer psychoactive medications to J.B., which granted the State's petition and found that the allegations in the State's petition were supported by clear and convincing evidence.[8] The order states that it relied on the oral testimony of Dr. Samuels and included a finding that "treatment with the proposed medication[s] [was] in the best interest of [J.B.] and [J.B.] lack[ed] the capacity to make a decision regarding [the] administration of [psychoactive] medication[s]." The trial court authorized the administration of antidepressants, antipsychotics, anxiolytics/sedatives/hypnotics, and mood stabilizers to treat J.B.

---

[7]     *See* TEX. CONST. art. I, § 10.

[8]     *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106 ("Hearing and Order Authorizing Psychoactive Medication"); *see also id.* § 574.1065 ("Finding That Patient Presents a Danger").

**Standard of Review**

We review questions raising constitutional concerns de novo. *State v. Hodges*, 92 S.W.3d 489, 494 (Tex. 2002); *In re K.C.*, 563 S.W.3d 391, 396 (Tex. App.—Houston [1st Dist.] 2018, no pet.). An abuse-of-discretion standard of review applies when the trial court may grant or deny relief based on its factual determinations. *In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000); *In re K.C.*, 563 S.W.3d at 396. "This standard is especially appropriate when the trial court must weigh competing policy considerations and balance interests in determining whether to grant relief." *In re Doe*, 19 S.W.3d at 253; *see also In re K.C.*, 562 S.W.3d at 396. As a result, we typically apply an abuse-of-discretion standard of review to procedural rulings or "other trial management determinations." *In re Doe*, 19 S.W.3d at 253; *see also In re K.C.*, 562 S.W.3d at 396–97.

Non-structural errors are "trial errors" subject to harmless error analysis. *In re K.R.*, 63 S.W.3d 796, 799-800 (Tex. 2001) (internal quotations omitted). Even constitutional errors can be waived if a party fails properly to object to the errors at trial. *Little v. State*, 758 S.W.2d 551, 564 (Tex. Crim. App. 1988); *1986 Dodge 150 Pickup VIN No. 1B7FD14T1GS006316 v. State*, 129 S.W.3d 180, 183 (Tex. App.—Texarkana 2004, no pet.); *Segovia v. Tex. Dep't of Protective & Regulatory Servs.*, 979 S.W.2d 785, 788 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). An

objection stating one legal basis may not be used to support a different legal theory on appeal. *1986 Dodge*, 129 S.W.3d at 183.

**Presence at Hearing**

In his sole issue, J.B. argues that the trial court erred in waiving his appearance at the hearing on the State's petition for an order to administer psychoactive medications because, by doing so, the trial court violated his constitutional right to confrontation and his constitutional right to be heard. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10.

The Sixth Amendment to the United States Constitution provides that "*[i]n all criminal prosecutions*, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. CONST. amend. VI (emphasis added). Similarly, Article I, section 10 of the Texas Constitution provides that "*[i]n all criminal prosecutions*[,] the accused . . . shall be confronted by the witnesses against him . . . ." TEX. CONST. art. I, § 10 (emphasis added). The right of confrontation includes the right to "face-to-face confrontation." *Coronado v. State*, 351 S.W.3d 315, 325 (Tex. Crim. App. 2011) (internal quotations omitted); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 51, (1987); *California v. Green*, 399 U.S. 149, 157, (1970) ("[I]t is this literal right to 'confront' [a] witness at the time of trial that forms the core of the values furthered by the Confrontation Clause[.]").

The right of confrontation applies only to criminal prosecutions. *See Austin v. United States*, 509 U.S. 602, 608 (1993) ("The protections provided by the Sixth Amendment are explicitly confined to criminal prosecutions." (internal quotations omitted)); *In re K.C.*, 563 S.W.3d at 397; *Cheng v. Wang*, 315 S.W.3d 668, 671 (Tex. App.—Dallas 2010, no pet.). Texas courts have repeatedly held, in several contexts, that there is no constitutional right to confrontation in civil proceedings. *See In re K.C.*, 563 S.W.3d at 397; *see also In re Commitment of Winkle*, 434 S.W.3d 300, 305 (Tex. App.—Beaumont 2014, pet. denied) (confrontation clause applies to criminal cases but is not generally applicable to civil commitment proceedings under Sexually Violent Predator Act); *In re S.A.G.*, 403 S.W.3d 907, 912 (Tex. App.—Texarkana 2013, pet. denied) (confrontation clause did not apply in suit affecting parent-child relationship); *Cheng*, 315 S.W.3d at 669–72 (confrontation clause did not apply in partnership dispute).

Involuntary mental health commitment proceedings are civil, rather than criminal, in nature. *Campbell v. State*, 85 S.W.3d 176, 180 (Tex. 2002); *In re K.C.*, 563 S.W.3d at 397; *In re G.D.*, 10 S.W.3d 419, 422 (Tex. App.—Waco 2000, no pet.) ("Such a proceeding is a civil matter, notwithstanding the underlying criminal prosecution."); *Taylor v. State*, 671 S.W.2d 535, 539 (Tex. App.—Houston [1st Dist.] 1983, no writ); *see also Addington v. Texas*, 441 U.S. 418, 428 (1979) ("In a civil commitment[,] state power is not exercised in a punitive sense. . . . [A] civil

commitment proceeding can in no sense be equated to a criminal prosecution." (internal footnote omitted)). And this Court has held that the type of proceeding against J.B. in this case—one involving a petition for an order to administer psychoactive medications—is civil, not criminal, in nature. *In re K.C.*, 563 S.W.3d at 397. Thus, J.B. did not have a constitutional right to confrontation under the Sixth Amendment or Article I, section 10 of the Texas Constitution which required that he be present at the hearing on the State's petition.[9] *See id.*

Although J.B. in his brief states that this Court's opinion in *In re K.C.* was incorrect and must be overruled, J.B. provides no argument, explanation, or authority to support his statement. *See* TEX. R. APP. P. 38.1(i). There is also a "strong presumption" against overruling precedent, and we decline to do so here. *See Gutierrez v. Collins*, 583 S.W.2d 312, 317 (Tex. 1979); *see also Weiner v. Wasson*, 900 S.W.2d 316, 320 (Tex. 1995); *In re Expunction*, 465 S.W.3d 283, 288–89 (Tex.

---

[9]      In his brief, J.B. relies on three cases to support his assertion that the trial court erred in waiving his appearance at the hearing on the State's petition. *See Baltierra v. State*, 586 S.W.2d 553 (Tex. Crim. App. 1979); *Carmona v. State*, 880 S.W.2d 227 (Tex. App.—Austin 1994), *vacated*, 941 S.W.2d 949 (Tex. Crim. App. 1997); *Fazzino v. Guido*, 836 S.W.2d 271 (Tex. App.—Houston [1st Dist.] 1992, writ denied). J.B.'s counsel in the instant appeal also represented the appellant in another appeal before this Court. *See In re K.C.*, 563 S.W.3d 391 (Tex. App.—Houston [1st Dist.] 2018, no pet.). There, the appellant relied on the same authorities that J.B. does in the instant case. *See id.* at 397–98. And we determined that the reliance on such cases was misplaced. *Id.* Once again, we conclude that J.B.'s reliance on these cases is inappropriate. *See In re Commitment of McKinney*, 153 S.W.3d 265, 265–66 (Tex. App.—Beaumont 2004, no pet.) (appellate court had already rejected identical argument appellant raised on appeal).

App.—Houston [1st Dist.] 2015, no pet.) ("The doctrine of stare decisis requires us to treat as binding the precedents of higher courts, as well as our own precedents unless overruled by a higher court or abrogated by statute."); *Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("[T]his court is bound by the prior holding of another panel of this court.").

J.B. further argues that this case is distinguishable from *In re K.C.* because, unlike J.B., the appellant in that case did not assert that the trial court's waiver of his appearance at the hearing on the State's petition violated his constitutional right to be heard. *See* TEX. CONST. art. I, § 10; *see also In re K.C.*, 563 S.W.3d at 396–98.

Article I, section 10 of the Texas Constitution provides that "*[i]n all criminal prosecutions*[,] the accused . . . shall have the right of being heard by himself or counsel, or both . . . ." TEX. CONST. art. I, § 10 (emphasis added). So, by its own terms, Article I, section 10 applies only to "criminal prosecutions." *See id.*; *City of Richardson v. Bowman*, 555 S.W.3d 670, 690 (Tex. App.—Dallas 2018, pet. denied) (procedural rights in Article I, section 10 do not apply in civil proceeding); *In re A.H.L., III*, 214 S.W.3d 45, 51 (Tex. App.—El Paso 2006, pet. denied); *see also In re K.C.*, 563 S.W.3d at 396–98. And, as previously stated, the type of proceeding against J.B. in this case—one involving a petition for an order to administer psychoactive medications—is civil, not criminal, in nature. *In re K.C.*, 563 S.W.3d

9

at 397. Thus, J.B. did not have a constitutional right to be heard under Article I, section 10 of the Texas Constitution which required that he be present at the hearing on the State's petition.[10]

Finally, even though J.B. argues that the trial court erred in waiving his appearance at the hearing on the State's petition because Texas Rule of Civil Procedure 267 provides that "in a civil trial, a party is entitled to be present during the presentation of evidence," we note that J.B.'s counsel did not assert in the trial court that J.B.'s presence in the courtroom was required under the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 267 (upon request of either party, witnesses must be sworn and removed from courtroom to place where they cannot hear testimony of any other witness, but party, "who is a natural person," may not be excluded). Instead, J.B.'s counsel requested that J.B. be present during the hearing

---

[10] We note that the State, in its brief, asserts that J.B., on appeal, did not challenge the trial court's denial of his counsel's request for "the opportunity to call J.B. as a witness," based on his "Article I, [section] 10 . . . right to be heard." Thus, the State asserts that we need not address J.B.'s "right to be heard" argument as it has been waived on appeal. However, because Article I, section 10 only applies to "criminal prosecutions" and the type of proceeding against J.B. in the instant case is civil in nature, whether waived or not, any argument that the trial court erred in denying J.B.'s counsel's request for "the opportunity to call J.B. as a witness," based on his "Article I, [section] 10 . . . right to be heard" must fail. Accordingly, we need not address whether J.B. waived his "right to be heard" argument. *See* TEX. R. APP. P. 47.1; *cf. Sanders v. State*, No. 01-17-00113-CR, 2018 WL 4129895, at *4 n.3 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, pet. ref'd) (mem. op., not designated for publication) (declining to address whether appellant preserved his complaint for appellate review); *Cruz-Escalante v. State*, 491 S.W.3d 857, 860 n.3 (Tex. App—Houston [1st Dist.] 2016, no pet.) (same).

10

on the State's petition "based on his right to confront the witnesses against him" "under the [f]ederal and [s]tate constitutions." And J.B.'s counsel requested an "opportunity to call [J.B.] as a witness" based on his "Article I, [s]ection 10[] . . . right to be heard." *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10.

To preserve error, a complaining party must make a timely objection in the trial court which specifically states the legal basis for the objection. *See* TEX. R. APP. P. 33.1(a); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977); *1986 Dodge*, 129 S.W.3d at 183. An objection stating one legal basis may not be used to support a different legal theory on appeal. *Rezac*, 782 S.W.2d at 870; *1986 Dodge*, 129 S.W.3d at 183. A failure to object can waive even an error involving constitutional rights, and the rule that an error presented on appeal must be the same objection raised in the trial court applies with equal force to constitutional violations. *Little*, 758 S.W.2d at 564–65; *Gauldin v. State*, 683 S.W.2d 411, 413 (Tex. Crim. App. 1984), *overruled on other grounds by*, *State v. Guzman*, 959 S.W.2d 631 (Tex. Crim. App. 1998); *Russell v. State*, 665 S.W.2d 771, 777–78 (Tex. Crim. App. 1983); *1986 Dodge*, 129 S.W.3d at 183. When a complaint on appeal does not match with the objection made in the trial court, no error is preserved. *See Benson v. Chalk*, 536 S.W.3d 886, 895–96 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Nguyen v. Zhang*, No. 01-12-01162-CV, 2014 WL 4112927, at *3 (Tex. App.—Houston [1st

11

Dist.] Aug. 21, 2014, no pet.) (mem. op.); *Hous. R.E. Income Props. XV, Ltd. v. Waller Cty. Appraisal Dist.*, 123 S.W.3d 859, 862–63 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Because J.B.'s counsel did not assert in the trial court that J.B.'s presence in the courtroom was required under Texas Rule of Civil Procedure 267, we hold that he has not preserved his argument for appellate review. *See* TEX. R. APP. P. 33.1(a); *cf. In re K.C.*, 563 S.W.3d at 398 (rejecting appellant's argument based on Texas Rule of Civil Procedure 267 on merits).

For these reasons, we hold that the trial court did not err in waiving J.B.'s appearance at the hearing on the State's petition for an order to administer psychoactive medications.

We overrule J.B.'s sole issue.

## Conclusion

We affirm the order of the trial court.

Julie Countiss
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.